UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DEBORAH LEVINSON. et al.,
Individually, and on behalf of all
others similarly situated,

                Plaintiffs,        02 Civ. 2222 (DAB)

     -against-              MEMORANDUM AND ORDER

ABOUT.COM INC.,

                Defendant.
------------------------------------X

INTRODUCTION AND SUMMARY

     On October 7, 2010, the Court held a Fairness Hearing to consider the final certification of the Settlement Class, as well as the substantive and procedural fairness of the terms of the Settlement on the Parties' unopposed Motion for Approval of the Class Action Settlement, as well as Plaintiffs' unopposed Motion for Approval of Class Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses. As set out in the Court's Final Order and Judgment, dated October 7, 2010, the Court finally certified the Settlement Class and approved the Settlement in full. At the hearing, the Court indicated that it would file this Memorandum and Order, setting out the Court's rationale for final certification the Class and approval of the Settlement.

     On March 20, 2002, Plaintiffs filed a Class Action Complaint against defendants About.Com, Primedia Inc., General Internet, Scott

1

Kurnit and various John Does, alleging defendants breached contracts to pay the class members monies pursuant to a 1997 and 1999 contract entered into between the Class Members and defendants. (Joint Mem. of Law pp. 1-2.)  In a Second Amended Complaint filed January 16, 2003, Plaintiffs asserted claims, inter alia, for unpaid wages, minimum wages, and overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York State Labor law. (Joint Mem. of Law p. 2.)  In the Court's Order dated August 9, 2007, the Court granted in part and denied in part Defendants' motion for summary judgment which resulted in About.Com becoming the only defendant with claims remaining against it in the case. ("Defendant"). (Joint Mem. of Law p. 2.)

The class of Plaintiffs consists of former "guides" for Defendant About.Com. (Joint Mem. of Law p. 1.)  In that capacity, these Guides maintained and/or created certain internet websites that were part of the About.Com system of websites. (Joint Mem. of Law p. 1.)  At its most basic, this case is an accounting dispute which requires an interpretation of the meaning of certain contractual terms.  Class Members claim they did not adequately receive the promised percentage of "net advertising revenue."  Class Counsel believes its view of the case is correct, while Defendant does not admit any liability in settlement, However, all Parties recognize the significant risk involved if the litigation continued.

This lawsuit was vigorously litigated for almost eight years before counsel reached Settlement. The litigation included significant motion practice, including two rounds of briefing on motions for summary judgment. The parties took extensive discovery, including production and analysis of very substantial amounts of computer and financial data regarding compensation paid to and potentially owed to the Guides. (Joint Mem. of Law p. 2.) The parties took the depositions of over fifteen (15) plaintiff and defense witnesses and two (2) expert witnesses and each side produced thousands of pages of documents. (Joint Mem. of Law p. 2.) The advocacy of the Parties was so vigorous that the discovery process required the oversight of Magistrate Judge Gabriel Gorenstein. (Joint Mem. of Law p. 2.) In November 2007, the parties engaged the services of Margaret Shaw of JAMS, an experienced and well-respected mediator, in an effort to resolve this case. (Joint Mem. of Law pp. 5-6.) No settlement agreement was reached at that time. (Joint Mem. of Law p. 6.) However, after the Court certified Named-Plaintiffs' breach of contract claim as a class action on April 13, 2009, and expert testimony was explored by the parties in depth, the parties engaged in intense settlement negotiations, which resulted in the settlement agreement that was submitted to the Court on March 23, 2010. (Joint Mem. of Law p. 6.)

In accordance with the Court's preliminary approval Order of April 19, 2010, as amended by the Court on May 20, May 23 and July 7, 2010, notice was sent to all members of the Settlement Class. (Joint Mem. of Law p. 6; Donly Decl. ¶ 9.) The notice set out the terms of the Settlement, the approximate amount that the Settlement class members could expect to receive, and that requests would be made for attorneys' fees and costs and enhancement payments to the Class Representatives and Named-Plaintiffs. (Joint Mem. of Law pp. 6-7.)

The response to the Settlement has been extremely positive. Class Notices were mailed to 1,678 potential class members. (Donly Decl. ¶¶ 7-8.) As of October 6, 2010 approximately 764 Claim Forms were received by the Claims Administrator, which is a response rate greater than 40% of all potential class members. (Donly Decl. ¶ 13.) Of those 764 Claim Forms received, 704 were fully valid and timely, while approximately 71 are technically deficient as invalid and/or untimely. Only 6 Class Members have elected to exclude themselves from the Settlement.

The terms and administration of the Settlement Agreement, approved by the Court, are summarized as follows:

The Settlement creates a Gross Settlement Fund of $5,750,000 ("the Fund") in exchange for a release of all claims asserted against Defendant and previous defendants. (Greenberg Class Action Decl. ¶ 8.) The Fund covers attorneys' fees and out-of-pocket expenses of Class

Counsel, as well as $103,834.81 in enhancement payments to 56 Named-Plaintiffs, $1,000 to each of the 9 FLSA plaintiffs, settlement administration costs, and Class Members' payments. (Joint Mem. of Law p. 7.)

There are 1678 Class Members. (Greenberg Class Action Decl. ¶ 8.) The Settlement provides for a "full payout" of the $5,750,000 sum, with no reduction in the amount to be paid for excluding or non-claiming class members, so the actual payout for the 704 currently identified properly claiming class members is approximately $8,167.61. (Greenberg Decl. ¶ 8.) The Settlement provides for $1,126,500, approximately 31% of the net settlement fund, to be distributed in equal shares to each claiming class member, with each claiming class member guaranteed a minimum payment of $750. (Greenberg Class Action Decl. ¶ 9.) The actual minimum payment from this portion of the Settlement to each claiming class member will be approximately $1,600 based on the current 704 known properly claiming class members. (Greenberg Class Action Decl. ¶ 9.) This "equal shares" basis accounts for the imprecise nature of interpreting the calculation of the breach of contract damages owed to class members and that claiming class members are waiving any claims for non-payment of minimum wages and overtime wages under any applicable state or federal law. (Greenberg Class Action Decl. ¶ 9.)

5

The Settlement also provides for the distribution of $2,489,500 to Class Members in varying shares that are based on an analysis of Defendant's records by experts retained by Class Counsel. The parties' contracts provided for payment of a share of net advertising revenue based upon the internet "traffic" to each class member's website or websites. (Greenberg Class Action Decl. ¶ 10.) Class Counsel's expert submitted a report on this subject in conjunction with Plaintiffs' Motion for Partial Summary Judgment. This analysis by Class Counsel's experts provide a substantial basis upon which to distribute additional, unequal, payments from the net settlement fund to those class members for whom breach of contract claims are more likely to be established.

Plaintiffs sought the Court's approval of the Claims Administrator's fee of approximately $49,618.73. Plaintiffs moved for an award of attorneys' fees in the amount of $1,725,000 or 30% of the Settlement Fund and reimbursement of $244,294.78 in out-of-pocket expenses as Class Counsel spent more than 3,290 hours of attorney time prosecuting this case to settlement. (Bien Attorneys' Fees Mem. of Law p. 11.)

On April 13, 2009, the Court certified the class as to the breach of contract claims. On April 19, 2010 the Court granted preliminary approval of the Settlement, as amended by the Court's orders of May 20, May 23 and July 7, 2010, and ordered that notice be

6

mailed to Class Members, and set the date of the fairness hearing for October 7, 2010. In the April 19, 2010 Order, the Court certified preliminarily the Class for settlement purposes as:

> a class comprised of Persons who entered into a agreement executed or formulated in 1997 with The Mining Company and/or an agreement executed or formulated in 1999 with About.com, Inc. to "build, maintain and enhance" a specified internet website for any of the Defendants or their predecessors in exchange for, <u>inter alia</u>, compensation based upon a specified percentage of any of the Defendants' net advertising revenue and/or net transaction revenue and/or net syndication revenue promised by such contract, except that those six (6) persons who elected to exclude themselves from the class certified by this Court's April 13, 2009 order, as well as two (2) other persons who are staffers working for defendants, are excluded from the Settlement Class, as will be those Persons who request to be excluded from the Settlement Class in accordance with the requirements set forth in the Notice.

The members of the class have been notified of the terms of the Settlement, the monetary relief, the allocation formula, and their right to opt out of, or object to the settlement. Only 6 Class Members have elected to exclude themselves from the Settlement and no objections have been made to the Settlement.

| CLASS CERTIFICATION | | |
|---|---|---|
| In order to finally certify the Class as defined by the Court's April 19, 2010 Order, the Court will consider the criteria of Federal Rule of Civil Procedure 23(a) and (b). | | |
| COURT FINDING | EVIDENCE FROM | LEGAL REQUIREMENT(S) |

|  | SUBMISSION | SATISFIED |
|---|---|---|
| The class is so numerous that joinder of all members is impracticable.<br><br>The Court finds that there are questions of law or fact common to the class.<br><br>The Court also finds that under Rule 23(b)(3), these questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. | Numerosity is presumed at a level of forty members. Here, there are approximately 1678 Rule 23 class members.<br><br>This case involves many common issues of fact and law, including whether Defendants did not properly allocate of "net advertising revenue" to the Class Member "guides" who maintained and/or created certain internet websites that were part of the About.Com system of websites as agreed to under a 1997 and 1999 contract between the parties. As to all possible Class Members, this dispute requires an interpretation of the meaning of certain contractual terms. Class Members also claim that they did not receive minimum wages or overtime wages under federal or state law – these claims arise independently from the contracts between the parties. (Memo for Approval at p 1.) | The four prerequisites of Rule 23(a) are that:<br><br>(1) the class be so numerous that joinder of all members is impracticable;<br><br><br>(2) there be questions of law or fact common to the class; |
| The Court finds that the claims or defenses of the representative parties are typical of the claims or | The Named-Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of all Class Members' claims. The Named-Plaintiffs | (3) the claims or defenses of the representative parties be typical of the claims or defenses of the class; and |

| | | |
|---|---|---|
| defenses of the class.<br><br>The Court finds that the representative parties will fairly and adequately protect the interests of the class. | were all "guides" who entered into either the 1997 or 1999 contract and were owed certain monies for the "net advertising revenue."<br><br>Here, there are no known conflicts of interest or antagonisms between the Named-Plaintiffs, on one hand, and Class Members, on the other. In addition, Class Counsel has provided fair and vigorous representation for Class Members throughout the eight years of litigation. | (4) the representative parties will fairly and adequately protect the interests of the class. |

Having received no objections to the preliminary class certification, and finding all of the criteria set forth in Rule 23 have been satisfied, **THE CLASS CERTIFICATION IS HEREBY FINALLY CONFIRMED.**

## FAIRNESS

Under Rule 23(e), to grant final approval of a settlement, the Court must determine whether the proposed settlement is fair, reasonable and adequate. In making this determination, the Court must review both the procedural and substantive fairness of a proposed settlement. To find a settlement procedurally fair, the Court must pay close attention to the negotiating process, to ensure that the settlement resulted from arm's-length negotiations, and that Plaintiffs' Counsel possessed the experience and ability, and engaged in the discovery necessary for effective representation of the class's interests. To find a settlement substantively fair, the Court reviews the 9 Grinnell Factors. City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

| COURT FINDING | EVIDENCE FROM SUBMISSION | LEGAL REQUIREMENT(S) SATISFIED |
|---|---|---|
| PROCEDURAL FAIRNESS | Arm's Length Negotiations and Class Counsel's experience and ability.<br>The Settlement was the product of | D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001), citing |

| | | |
|---|---|---|
| The settlement resulted from "arm's length negotiations." Class Counsel possessed the requisite amount of experience and ability, and the parties engaged in the discovery necessary for effective representation of the Class's interests.<br><br>**SUBSTANTIVE FAIRNESS**<br>Courts in this Circuit review a proposed settlement agreement for substantive fairness according to the 9 <u>Grinnell</u> Factors:<br><br>(1) Litigation is complex, and would likely be costly and lengthy in duration. The Court finds <u>Grinnell</u> Factor 1 and <u>Goldberger</u> Factor 2 satisfied on these facts. | mediation, discussion and arms'-length negotiations between experienced, qualified counsel following nearly 8 years of litigation, including extensive discovery. The agreement was achieved in negotiations in December 2009 and in subsequent lengthy and intense follow-up discussions. These settlement negotiations were preceded by an earlier, unsuccessful, 2007 mediation session overseen by an experienced private mediator. The Court finds procedural fairness is not only met, but also <u>Grinnell</u> Factor 3 and <u>Goldberger</u> Factors 1 and 4 are met as well. (Memo for Approval at pp. 13-14.)<br><br>**Complexity, Expense and Likely Duration.**<br>The issues in this case are complex and novel and have been hotly contested over a long period of time. By reaching a favorable settlement, Plaintiffs seek to avoid a significant expense and delay and ensure a recovery for the class: a motion for partial summary judgment would be returned to the Court's calendar; there are issues regarding expert testimony; and a long and complicated trial, possibly bifurcated, would need to be held to address all claims. A trial would require extensive fact and expert testimony. (Memo for Approval at p. 1-3.) | <u>Weinberger v. Kendrick</u>, 698 F.2d 61, 74 (2d Cir. 1982).<br>The procedural fairness questions may also satisfy (depending on the facts), <u>Grinnell</u> Factor 3 (The Stage of the Proceedings and Amount of Discovery Completed) and <u>Goldberger</u> Factors 1 (Time and Labor Expended by Counsel) & 4 (Quality of the Representation)]<br><u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448, 463 (2d Cir. 1974).<br><br><u>Grinnell</u> Factor 1: The complexity, expense and likely duration of the litigation.<br><br>[Also satisfies <u>Goldberger</u> Factor 2: The magnitude and complexities of the litigation.] |
| (2) The reaction of the class to the settlement has been positive. | **Reaction of Class**<br>After notice was sent out, no Class Member objected and only six (6) members elected to excludes themselves from the Class. | <u>Grinnell</u> Factor 2: The reaction of the class to the settlement. |
| (3) Proceedings have progressed and | **Stage of Proceedings and Discovery.**<br>The Court already found <u>Grinnell</u> Factor 3 | <u>Grinnell</u> Factor 3: The stage of the proceedings |

10

| | | |
|---|---|---|
| sufficient discovery has been completed to understand Plaintiffs' claims and negotiate settlement terms. | to be satisfied earlier, under the procedural fairness section. | and the amount of discovery completed. |
| (4), (5), and (6) The risks of litigation – including establishing liability, establishing damages, and maintaining the class action through trial – are significant. | **Risks of Establishing Liability and Damages (Grinnell Factors 4 & 5)** For purposes of establishing liability, a trial on the merits would involve significant risk to the Class because the unclear language of Parties' contracts. Even if liability can be established, uncertainties exist as to damages. Damages would be hotly contested and subject to a dispute between experts. (Memo for Approval at p. 18.) **Risks of Maintaining Class Action Through Trial.** The risk of Class Counsel being unable to establish and maintain class certification through trial is always present, which Defendant would surely oppose. (Memo for Approval at p. 20.) | Grinnell Factor 4: The risks of establishing liability. Grinnell Factor 5: The risks of establishing damages. Grinnell Factor 6: The risk of maintaining the class action through the trial. [The Court's findings on Grinnell Factors 4, 5 and 6 also satisfy Goldberger Factor 3: The risk of the litigation] |
| (7) Defendants' ability to withstand a judgment greater than the settlement is unknown by Plainitffs. | **Defendants' Ability to Withstand Greater Judgment.** There is no reason to believe About.Com would be unable to satisfy a judgment. This factor neither weighs for, nor against approval. (Memo for Approval at p. 20.) | Grinnell Factor 7: The ability of the Defendant to withstand greater judgment. |
| (8) and (9) The settlement is reasonable in light of: (a) Plaintiffs' best possible recovery, and (b) the attendant risks of litigation. | **Reasonableness of Settlement Fund in Light of Best Possible Recovery and Attendant Risks of Litigation** The $5,750,000.00 is substantial. Each Class Member will receive a minimum payment of approximately $1600.00. Given the uncertainty of litigating this action to the end | Grinnell Factor 8: The range of reasonableness of the settlement fund in light of the best possible recovery. Grinnell Factor 9: The |

11

| | | |
|---|---|---|
| | (with no guarantee of recovery or a more significant recovery), the amount of money provided by the settlement presents a reasonable and substantial recovery for Class Members. (Memo for Approval at p. 21-22.) | range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. |
| Having considered the procedural and substantive factors, the Court find the proposed settlement to be fair, reasonable and adequate under Rule 23 and THE SETTLEMENT IS HEREBY APPROVED. |||
| **ATTORNEYS' FEES AND EXPENSES, ENHANCEMENT PAYMENTS, CLAIMS ADMINISTRATOR'S FEE AND FLSA PLAINTIFFS' PAYMENTS** |||
| To ensure the appropriateness of attorneys' fees and costs, the Court will now review the six Goldberger criteria. Goldberger v. Int. Resources, 209 F.3d 43, 50 (2d Cir. 2000). **ATTORNEYS' FEES** The Second Circuit has recognized that a district court may calculate reasonable attorney fees by either the lodestar method or the percentage method. Goldberger, 209 F.3d at 50. The proposed attorneys' fee, calculated here according to the percentage method, is reasonable. No matter which | Class Counsel has also moved for an award of attorneys' fees of 30% of the Settlement Fund in the amount of $1,725,000 and reimbursement of $244,294.78 in out-of-pocket expenses. The 3,290 hours of attorney time results in a likely lodestar in excess of the requested fee award. (Memo of Law on Plaintiffs Motion for Fees & Expenses p.1.) | **The Marketplace is the Guide:** "We have consistently looked to the marketplace as our guide to what is 'reasonable.'" Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989). |

12

| | | |
|---|---|---|
| method is chosen, District Courts should be guided by the six traditional <u>Goldberger</u> criteria in determining a reasonable common fund fee. <u>Goldberger v. Integrated Resources, Inc.</u>, 209 F.3d 43, 50 (2d Cir. 2000). The six Goldberger Factors are: | | |
| (1) Counsel has expended considerable time and labor on behalf of Plaintiffs. | The Court's earlier findings regarding the procedural fairness also satisfy <u>Goldberger</u> Factor 1. | <u>Goldberger</u> Factor 1: The requested fee in relation to the settlement. |
| (2) The litigation is complex and of large magnitude. | The Court's earlier findings satisfying <u>Grinnell</u> Factor 1 also satisfy <u>Goldberger</u> Factor 2. | <u>Goldberger</u> Factor 2: The magnitude and complexities of the litigation. |
| (3) The risks of litigation for Plaintiffs are substantial. | The Court's earlier findings satisfying <u>Grinnell</u> Factors 4, 5 & 6 also satisfy <u>Goldberger</u> Factor 3. | <u>Goldberger</u> Factor 3: The risk of litigation. |
| (4) Representation of class counsel is of high quality. | **Quality of Representation.** Class Counsel have substantial experience in prosecuting class actions and wage and hour actions. The Court's earlier findings on counsel's experience and ability, as well as discovery and other labor expended in this matter, also satisfy the <u>Goldberger</u> Factor 4. (Reasonableness of Fee in Relation to Settlement.) | <u>Goldberger</u> Factor 4: The quality of representation. |
| (5) The requested attorneys' fees are reasonable in relation to Parties' settlement. | Courts in the Second Circuit routinely award 30% or more as attorneys' fees in a class action that creates a common fund. Class counsel undertook prosecution of this action without any assurance of recovery, engaged in significant litigation in a complex contract | <u>Goldberger</u> Factor 5: The requested fee in relation to the settlement. |

13

| | | |
|---|---|---|
| (6) Requested attorneys' fees are not contrary to public policy. | and wage and hour case, while facing tremendous risk of little to no recovery. (Memo of Law on Plaintiffs Motion for Fees & Expenses p.14.)<br><br>**Public Policy Considerations.** Fee awards in cases like this serve the dual purpose of encouraging private attorneys general to seek redress of violations and discourage future misconduct. (Memo of Law on Plaintiffs Motion for Fees & Expenses p.15.) | <u>Goldberger</u> Factor 6: Public policy considerations. |
| <u>ATTORNEYS EXPENSES</u><br><br>The Court finds that expenses in this matter are reasonable. | $244,294.78 in out-of-pocket expenses was incidental and necessary to the representation of the Class. The out-of-pocket expenses included: an expert consultant, and expert witnesses, court reporters, class notice costs, postage, messengers, photocopies, overnight delivery services, process service, court filing fees and mediation fees. (Memo of Law on Plaintiffs Motion for Fees & Expenses p.18. ) | "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients."<br><u>In re Independent Energy Holdings PLC Securities Litigation</u>, 302 F.Supp.2d 180, 183 (S.D.N.Y. 2003) |
| Having conducted the Goldberger analysis, the Court finds the requested attorneys' fees of $1,725,000 to be reasonable and the attorneys' fees are HEREBY APPROVED. Likewise, the Court finds attorneys' expenses of $244,294.78 reasonable and those expenses are HEREBY APPROVED. | | |

| | | |
|---|---|---|
| **ENHANCEMENT PAYMENTS**<br><br>Requested Enhancement Payments are reasonable and justified to compensate Named-Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. | Service Award<br>Plaintiffs move this Court to approve enhancement payments to 56 Named-Plaintiffs in the amount of 103,834.81 in recognition of the services rendered on behalf of the Class. Named-Plaintiffs have made important contributions, including assisting Class Counsel in the investigation and prosecution of their claims. | "Incentive awards are not uncommon in class action cases and are within the discretion of the court. Courts look for the existence of 'special circumstances' when determining whether an award is justified and, if so, in what amount."<br><br>Factors to consider include: the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by the plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), and other burdens sustained by the plaintiff in lending himself or herself to the prosecution of the claim, and of course, the ultimate recovery." <u>In Re AOL Time Warner ERISA Litigation</u>, 2007 WL 3145111 at *2 (S.D.N.Y. 2007). |

| | | |
|---|---|---|
| **CLAIMS ADMINISTRATOR'S FEE**<br><br>The fee sought by the Parties is less than that set out in the circulated Notice. The Court finds that the fee is reasonable in relation to the work expended and is approved. | The Parties seek the Court's approval of the Claims Administrator's fee of $49,618.73. | |
| **FLSA PLAINTIFFS**<br><br>The Court hereby approves payments to the 9 FLSA Plaintiffs ($1000.00 payment to each) out of the Gross Settlement Fund. | Plaintiffs seek the Court's approval for $1,000 payments to each of the 9 FLSA Plaintiffs. | |

The Fairness Hearing of October 7, 2010, the Final Order and Judgment signed by the Court October 7, 2010 and this Memorandum and Order constitute the Court's findings and rulings in this matter.

SO ORDERED.

Dated: New York, New York
       October 7, 2010

*Deborah A. Batts*
Deborah A. Batts
U.S. District Judge

16