```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/07/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DEBORAH LEVINSON, *et al.*          :    No. 02 Civ. 2222
                                    :
                     Plaintiffs,    :    (Batts, J.)
                                    :
         -against-                  :
                                    :
ABOUT.COM, INC.,                    :
                                    :
                     Defendant.     :
------------------------------------------------------X

## ORDER AND FINAL JUDGMENT

On the 7th day of October, 2010, a hearing having been held before this Court to determine (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 23, 2010 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all Claims asserted by the Settlement Class against the Defendants in the Second Amended Class Action Complaint and Jury Demand (the "Complaint") now pending in the Action in this Court, including the release of the Defendants and the Protected Persons from the Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint as against the Defendants in the Action, on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class in the Action who have not requested exclusion therefrom; (3) whether to approve the proposed plan of allocation (including the Class Member Allocation and Enhancement Schedule) as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class, and (4) whether and in what amount to allocate Plaintiffs' Counsel fees and reimbursement of expenses. This Court having considered all matters all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by this

Court on July 7, 2010 was mailed and/or electronically mailed to all Settlement Class Members reasonably identifiable in a manner reasonable and appropriate under the circumstances to ensure delivery and receipt by such persons and entities; and it appearing that reasonable efforts were made to effect delivery of the Notice to Settlement Class Members; and this Court having considered and determined the fairness, reasonableness, and adequacy of the Settlement and the proposed plan of allocation; and this Court having considered the fairness and reasonableness of the allocation of attorneys' fees and expenses requested, and of the amounts requested as enhancement allocations to the Proposed Settlement Class Representative and/or certain Settlement Class Members for their assistance in the prosecution of the Action; and no objections to the Settlement were made at the hearing; and all initial capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Proposed Settlement Class Representative, all Settlement Class Members, and the Defendants.

2. This Court finds that the prerequisites for certification of the Settlement Class as a class in the Action under Rule 23 have been satisfied in that, (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class she seeks to represent; (d) the Settlement Class Representative and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact

common to the remaining members of the Settlement Class predominate over questions affecting only individual remaining members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the remaining controversy.

3. Pursuant to Rule 23, this Court hereby finally certifies the Settlement Class.

4. Pursuant to Rule 23, the Proposed Settlement Class Representative in the Action is finally certified as Settlement Class representative in the Action.

5. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23, due process, Rule 23.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable, and adequate, and the parties to the Stipulation are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. Except to the extent waived by all parties in writing, the Settlement is conditioned on entry of this Order and Final Judgment approving the Settlement in the Action.

8. The Complaint is hereby dismissed as against all Defendants in the Action, with prejudice and, except to the extent costs and attorneys' fees are provided in the Stipulation, without costs or attorneys' fees.

9. Upon the Effective Date, except for the six (6) Settlement Class Members who have filed valid claims for exclusion from the Settlement in accordance with the Stipulation such persons being identified on Exhibit "A" hereto, and to the fullest extent permitted by law, the Named Plaintiffs, the Proposed Settlement Class Representative, and the Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, successors, and assigns are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in, any and all Claims against any and all of the Protected Persons in the Action or in any other proceeding. The Claims are hereby compromised, settled, released, discharged, and dismissed as against the Protected Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. The Named Plaintiffs, the Proposed Settlement Class Representative, and the Settlement Class Representative are, upon the Effective Date and to the fullest extent permitted by law, hereby deemed to have covenanted not to sue or prosecute any action against the Protected Persons with respect to the Claims.

11. To the fullest extent permitted by law, the Protected Persons are hereby discharged from all claims, counterclaims, cross-claims, or third party claims for or in the nature of contribution or indemnification, whether based on a contractual obligation or otherwise, that were, could be, or might have been asserted against a Protected Person, where the injury to the claimant is the claimant's liability to a Person (suing on their own behalf or derivatively) that is based upon, arising out of, relating to, in connection with, or reasonably flowing from the Claims of any Settlement Class Member in the Action, whether it is under state, federal, or foreign law, and whether it is pursued in the District Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency proceeding, or other forum in the United States or

elsewhere. To the fullest extent permitted by law, the Protected Persons are hereby discharged from all claims for reimbursement or disgorgement of profits that are based upon, arising out of, relating to, in connection with, or reasonably flowing from the Claims of any Settlement Class Member in the Action, and that were, could be, or might have been asserted against a Protected Person. To the fullest extent permitted by law, this Court hereby bars, enjoins, and restrains commencement, enforcement, or assertion of all such claims against the Protected Persons by any person or entity.

12. To effectuate the protection of Protected Persons contemplated by Paragraph 11, this Court orders that any judgment or award obtained by any Settlement Class Member on any claim that is based upon, arising out of, relating to, in connection with, or reasonably flowing from the conduct alleged to be wrongful in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency proceeding, or other forum in the United States or elsewhere, shall be reduced by the amount that corresponds to the percentage of proportionate fault of Protected Persons adjudged responsible.

13. The Defendants have denied and continue to deny any wrongdoing whatsoever. This Order and Final Judgment shall in no event be construed or deemed to be evidence of or an admission, presumption, or concession on the part of any Protected Person of any fault, liability, coverage, or wrongdoing as to any facts or claims asserted in the Action (or any infirmity in the defenses that they have asserted or could assert in the Action), or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used against a Protected Person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative. Notwithstanding anything contained

herein to the contrary, this Order and Final Judgment may be used by any Person to enforce its terms.

14.     The proposed plan of allocation (including the Class Member Allocation and Enhancement Schedule) is approved as fair and reasonable, and this Court hereby directs that the Stipulation is to be administered in accordance with its terms and provisions.

15.     Plaintiffs' Counsel are hereby allocated 30% of the Gross Settlement Fund in fees, $1,725,000.00, which sum this Court finds to be fair and reasonable, and $244,294.78 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund. The allocation of attorneys' fees shall be divided among Plaintiffs' Counsel in a fashion which in the opinion of Plaintiffs' Counsel fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16.     In making this allocation of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, this Court has considered and found that:

(a)     Plaintiffs' Counsel has caused to be created a Settlement Amount of $5.75 million in cash, from which the Net Settlement Fund shall be paid to Settlement Class Members, and that portions of the Settlement Amount are already on deposit and earning interest, and that numerous Settlement Class Members who submit acceptable proofs of claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Over 1678 copies of the Notice were disseminated to putative Settlement Class Members, indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 30% of the Gross Settlement Fund, plus interest, and for reimbursement of expenses in an amount of no more than $250,000, and no objections were filed against the fee and expense request set forth in the Notice;

      (c)    Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      (d)    The Action involves complex factual and legal issues and was actively prosecuted over eight years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      (e)    Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants; and

      (f)    Plaintiffs' Counsel assumed a significant risk of non-payment and substantial personal financial loss by prosecuting this case on a contingency basis.

17.    The amount of attorneys' fees allocated and expenses reimbursed from the Gross Settlement Fund are fair and reasonable under the circumstances of this Action.

18.    The Proposed Settlement Class Representative and certain Settlement Class Members are hereby allocated the sums as set forth next to their names on Exhibit "B" attached hereto, totaling $103,834.81.

19.    In granting these enhancement allocations to be paid out of the Gross Settlement Fund, this Court has considered and found that:

      (a)    Such enhancement allocations are for assistance in the prosecution of the Action; and

      (b)    Over 1678 copies of the Notice were disseminated to putative Settlement Class Members indicating that enhancement allocations would be made in an aggregate amount not to exceed $100,000, and no objections were filed against the enhancement allocations.

(c) That the payment of additional enhancement allocations of $884.96 to Named Plaintiff Kristyn Schmall and $3,834.81 to Named Plaintiff Glenn Schmall, which increase the total amount of enhancement allocations paid from the Gross Settlement Fund to $103,834.81, is justified and appropriate as the Court has been advised such Named Plaintiffs' payments were omitted from the initial proposed enhancement allocation schedule in error and such payments do not diminish the Net Settlement Fund below the estimated minimum amount set forth in the Notice.

20. The Court approves of the Claims Administrator, Rust Consulting, accepting and approving those claims which were untimely but otherwise complete and received by the date of this Order. The Court directs the Claims Administrator to give immediate notice of this Final Order and Judgment to those that still have deficiencies, with specific instructions on how to cure their particular deficiency (including providing them with the correct materials, for example the correct tax forms for non-citizens). Within 35 days of receipt of such notice, those cured claims must be sent to the Claims Administrator, plus such additional time beyond that the Claims Administrator, in its discretion chooses to allow, so long as such additional time is no longer than 60 days from the date of this Order.

21. The Claims Administrator Rust Consulting is hereby allocated $49,618.73 of the gross settlement fund for its fee and costs, a sum which is appropriate and reasonable, and within the $50,000.00 amount allocated in the Notice disseminated to putative Settlement Class Members.

22. This Court has considered and found that the allocation of $1000.00 out of the Gross Settlement Fund to each of the nine plaintiffs asserting FLSA claims is are fair, reasonable, and adequate.

23. This Court's analysis in finally certifying the Settlement Class under Rule 23, the procedural and substantive fairness of the Settlement under Rule 23, the approval of attorneys' fees and expenses, enhancement payments, claims administrator fees, and the nine FLSA payments will be provided in a subsequent Order of the Court.

24. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class, and for all further proceedings herein relating to the Settlement.

25. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

26. The Clerk of this Court is directed to file a true copy of this Order and Final Judgment in the Action.

SO ORDERED.

Dated: New York, New York
October 7, 2010

_/s/ Deborah A. Batts_
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

PERSONS EXCLUDED FROM SETTLEMENT CLASS

| First Name | Last Name |
| --- | --- |
| DAVID | BEAULIEU |
| RACHEL | BRUNER |
| SUBHAMOY | DAS |
| PAMELA | FIERRO |
| LAURA | LOVERDE |
| AMBER | TRESCA |

Exhibit "A"

EXHIBIT "B", PAGE 1 OF 2

## LIST OF ENHANCEMENT ALLOCATIONS TO BE PAID

| RustID | Last Name, First Name | Enhancement Amount |
|---|---|---|
| 00000246 | altebrando, julie | $4,424.78 |
| 00000338 | anderson, john | $1,769.91 |
| 00000437 | armstrong murphy, julia | $1,474.93 |
| 00001786 | bruno, bonnie | $1,474.93 |
| 00002233 | cerva, anne | $4,719.76 |
| 00002530 | clayton, rebecca | $884.96 |
| 00003414 | dell, shane | $1,474.93 |
| 00003421 | deloach, philip | $884.96 |
| 00003681 | dobbs, diane | $1,474.93 |
| 00003841 | drehobl, john | $4,719.76 |
| 00004060 | dziegeleski, marlene | $884.96 |
| 00004251 | epstein, lita | $4,129.79 |
| 00004633 | filetti, mark | $884.96 |
| 00005753 | granade, stephen | $1,769.91 |
| 00005821 | gray, rich | $1,474.93 |
| 00005944 | griffis, michael | $4,424.78 |
| 00006057 | hagquist, hank | $1,474.93 |
| 00006415 | haynes, charles | $884.96 |
| 00006521 | helba, mike | $884.96 |
| 00007290 | imboden, durant | $5,309.73 |
| 00007283 | imboden, cheryl | $1,474.93 |
| 00007313 | irons, john | $884.96 |
| 00007429 | jansen, therese | $4,129.79 |
| 00007566 | johnson, lynn | $884.96 |
| 00007672 | jones, jana | $4,424.78 |
| 00007962 | kautz, judith | $1,474.93 |
| 00008495 | lahey, jeannine | $1,769.91 |
| 00008679 | lehman, dale | $884.96 |
| 00008747 | levinson, deborah | $5,014.75 |
| 00008938 | logie, walter | $1,474.93 |
| 00008990 | lorden, lisa | $1,474.93 |
| 00009232 | macaulay, debra | $884.96 |
| 00010252 | metcalf, walter | $1,474.93 |
| 00010450 | mills, michael | $4,719.76 |
| 00010986 | nelson, paul | $1,474.93 |

| | | |
|---|---|---|
| 00010962 | nelson, linda | $1,474.93 |
| 00011204 | nuss, susi | $1,474.93 |
| 00011334 | olcott, teri | $1,474.93 |
| 00011402 | olson, robert | $884.96 |
| 00011389 | olson, gayle | $884.96 |
| 00011464 | orozco, david | $884.96 |
| 00011631 | parente, anthony | $884.96 |
| 00011730 | pauley, kimberly | $1,474.93 |
| 00011914 | peterson, michelle | $1,474.93 |
| 00012713 | rettberg, scott | $884.96 |
| 00011345 | schmall, glenn | $3,834.81 |
| 00011352 | schmall, kristyn | $884.96 |
| 00013697 | sehr, barbara | $884.96 |
| 00014151 | smith, margaret | $1,179.94 |
| 00014779 | suomi, helen | $884.96 |
| 00015103 | ting, paul | $884.96 |
| 00015325 | troutman, michelle | $1,474.93 |
| 00015448 | vadas, andrew | $1,179.94 |
| 00015462 | valley, simi | $1,474.93 |
| 00016162 | wilds, judy | $1,474.93 |
| | Total | $103,834.81 |

EXHIBIT "B", PAGE 2 OF 2